# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MARCHELLO PORTER
ADC #129127                                                                                               PETITIONER

v.                              Case No. 5:18-cv-00118-JTK

WENDY KELLEY, *Director*,
Arkansas Department of Correction                                                         RESPONDENT

## MEMORANDUM AND ORDER

Pending before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C.§ 2254 by Petitioner, Marchello Porter, an inmate in the Arkansas Department of Correction (ADC) East Arkansas Regional Unit. For the reasons explained below, it is recommended the petition (DE #2) be dismissed with prejudice.

### Procedural History

On February 9, 2016, Porter pleaded nolo contendere to robbery in Faulkner County Circuit (DE #6-2). The state nolle prossed the third degree battery charge. The Court sentenced Porter to ten years' imprisonment in the ADC (DE # 6-3). On February 1, 2017, Porter filed a state habeas corpus petition, alleging the prosecutor withheld exculpatory video evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *See* DE #2 at pp. 16-19. Following a hearing, the Faulkner County Circuit Court denied the state habeas petition (DE #2 at p. 20). Porter appealed the denial of habeas relief to the Arkansas Supreme Court, that on January 25, 2018, issued a decision affirming the state court (DE #2 at pp. 39-41). *See*

*Porter v. State*, 2018 Ark. 22. The Arkansas Supreme Court noted in its opinion that Porter filed in the trial court a habeas petition that specifically referenced provisions related to scientific evidence to prove his innocence; yet, Porter did not identify any scientific evidence for testing and instead argued prosecutorial misconduct. He accused the prosecutor of withholding a security videotape that he contends would show his innocence and him leaving the scene absent any stolen property. The Court found that "Porter identified no scientific evidence and did not request testing or identify any testing to be performed." (DE #2 at p. 40) Thus, the Court found he was not entitled to relief. *Id.* at p. 41. The Court mandate issued on February 13, 2018 (DE #6-7). Petitioner filed the instant federal habeas petition on May 11, 2018. In it, he alleges the same *Brady* violation raised in his state habeas petition.

## Discussion

There exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). AEDPA's statute of limitations starts running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Arkansas law, there is no right to appeal an unconditional guilty plea or plea of nolo contendere. Ark. R. App. P. — Criminal 1(a). The judgment is nevertheless deemed to become final by the expiration of the time for appealing, *i.e.*, thirty days. *See Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015). A plea of nolo

contendere, like a guilty plea, is an admission of guilt that waives all non-jurisdictional defects. *See United States v. Jones*, 479 F.3d 975, 978 (8th Cir. 2007).

Porter pleaded nolo contendere in state court. Because he did so, he waived his right to raise claims of constitutional error occurring prior to the entry of his plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The state court clerk filed Porter's judgment and commitment order on February 9, 2016, and the AEDPA statute of limitations began to run thirty days later on March 10, 2016, giving Porter until March 10, 2017, to file his federal habeas petition. Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations was tolled while Porter's state habeas petition was pending. Porter filed his state habeas petition on February 1, 2017, thirty-seven days before the expiration of the statute of limitations. The limitations period was tolled until February 13, 2018, when the Arkansas Supreme Court mandate issued; thereafter, the AEDPA's statute of limitations thus began running again. *See* Fed. R. Civ. P. 6(a)(1)(A) (excluding from the computation the day of the event that triggers the time period); *Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999) (applying Federal Rule of Civil Procedure 6(a) to AEDPA statute of limitations). Porter had thirty-seven days left to file his federal habeas petition, or until March 22, 2018. He did not file his federal habeas petition until May 6, 2018, well over a month after his time to file had expired. Therefore, the federal petition for habeas corpus relief is time-barred.

There is no reason to believe that equitable tolling would be appropriate. The United States Supreme Court has held a petitioner is entitled to equitable tolling of 28 U.S.C. §2244(d) only if he can show (1) "that he has been pursing his rights diligently, and (2) that

3

some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden rests solely on the petitioner to prove the grounds warranting equitable tolling and to satisfy the extraordinary circumstance test. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2012). Porter has made no showing that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his federal habeas petition within the limitations period. Equitable tolling, therefore, does not apply.

Porter appears to allege in his Amended Petition, which the Court treated as his Reply, that his nolo contendere plea is rendered involuntary based on the alleged *Brady* violation (DE #9). To the extent Porter wishes to withdraw his nolo contendere plea, he cannot do so based on his miscalculation as to the strength of the state charges or the likely penalties faced. *See Brady v. United States*, 397 U.S. 742, 757 (1970). Porter knew the state charges against him based on the information (robbery and third degree battery), and he failed to raise any alleged *Brady* issue at that time. Notably, the record indicates that the video was turned over to his defense counsel (DE #6-4) prior to the plea agreement. Porter acknowledged in this plea statement that he was entering a plea of nolo contendere because he was "electing not to contest the allegations contained in the information," and "having committed the herein stated offenses." *See* DE #6-4. Thus, Porter knowingly and intelligently pleaded nolo contendere and waived his right to challenge the issue. More importantly, the Court finds that there was no *Brady* violation based on the record because the video was not withheld.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the United States Supreme Court held

that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the AEDPA statute of limitations." *Id.* *See also Kidd v. Norman*, 651 F.3d 947, 951-952 (8th Cir. 2011). Specifically, Porter claims the prosecutor withheld exculpatory video evidence. Porter appears to allege that he is actually innocent of robbery because this exculpatory video evidence does not show him with any of the victim's items. To the extent Porter argues he is actually innocent, the argument must also fail. The record clearly reveals the plea was voluntary, and Porter has failed to provide an adequate basis to support a claim of actual innocence to serve as a gateway through the AEDPA statute of limitations.

## Conclusion

Petitioner's federal petition for writ of habeas corpus is barred by the AEDPA's statute of limitations. Accordingly, the habeas petition (DE #2) is dismissed with prejudice and the relief prayed is denied. Furthermore, the Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

IT IS SO ORDERED this 14th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE